# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | Michael T. Mason |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4471 | **DATE** | 7/22/2003 |
| **CASE TITLE** | Wisconsin Cheese, Inc. et al. vs. Zavacki et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, plaintiffs' request for expert witness fees connected to the filing of the interim report [21-1] is denied. Plaintiff's request for fees connected with the expert's deposition and its motion to compel raised in its reply to defendants' response to plaintiff's request for sanctions of expert fees [105-1] are entered and continued. Defendants are ordered to file a response to plaintiff's request for fees connected with the expert's deposition and its motion to compel raised in plaintiff's reply by 7/29/03. Plaintiff's reply by 8/5/03. Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices faxed by judge's staff. | | JUL 2 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT | KH | 107 |
| | Mail AO 450 form. | 03 JUL 22 PM 1:50 | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | FILED | 7/22/2003 date mailed notice | |
| KF | courtroom deputy's initials | Date/time received in central Clerk's Office | KF mailing deputy initials | |

DOCKETED
JUL 2 3 2003

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WISCONSIN CHEESE, INC. and, WISCON, CORP., ) ) ) ) Plaintiffs, ) ) ) No. 02 C 4471 v. ) ) Judge David H. Coar JAMES T. ZAVACKI, MIODRAG ) Mag. Judge Michael T. Mason NOVACOVICI and GRATER ) WISCONSIN, INC. ) ) ) Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Michael T. Mason, United States Magistrate Judge:

Plaintiffs Wiscon Cheese, Inc., ("Wiscon") et.al., have filed a motion seeking more than $71,000.00 from defendants Grater Wisconsin, et.al. ("Grater") as sanctions for defendants' delay in producing documents needed for plaintiffs' expert report, and as fees for defendants' deposition of that expert. Plaintiffs claim that defendants should be sanctioned approximately $65,000.00 because defendants' late production of certain financial documents required plaintiffs' expert to create both an interim and supplemental report in order to meet a discovery deadline set by the District Court. Plaintiffs contend that had defendants not delayed for nearly a year in producing certain documents, its expert would have been able to timely produce a single report analyzing plaintiffs' financial losses connected to defendants' alleged theft of trade secrets and other actions against plaintiff. Further, plaintiffs request an additional $6,162.50 incurred by the expert in preparing and sitting for defendants' deposition of him.

107

As support for its motion, plaintiff submitted the billing statements from its expert witness for both reports, as well as a declaration from the expert that avers that he could not produce a final report until after he reviewed twenty-six boxes of financial data produced after the deadline for filing an expert report had passed. We granted plaintiffs' motion to compel production of these documents on April 22, 2003; defendants produced them between April 23-25, 2003; the expert's report was due on April 30, 2003. Plaintiff contends that it took an outside copy service ten days to reproduce the documents, as they were original financial materials that were not of uniform size or shape; the expert received copies of the documents on May 8, 2003 and thereafter completed a supplemental report that accounted for the new financial information.

Defendant objects to paying for the interim report for several reasons. First, it contends that plaintiffs waited until less than two weeks before the expert report was due to even engage an expert witness, implying that plaintiffs' allegations regarding the late discovery is simply a delaying tactic of its own designed to mask the fact that its expert could not have completed the full report on time. Further, defendants note that plaintiffs never asked the District Court for an extension of time to submit the expert report, although they did ask for and receive additional time to complete several depositions allegedly needed for the expert report. In fact, plaintiffs' expert completed his supplemental report prior to receiving the deposition transcripts, belying the argument that they were needed at all. Finally, defendants object to the time entries in the expert's initial and supplemental bills, arguing generally that they contain material inconsistencies and often omit meaningful descriptions of the work performed and how

it relates to plaintiffs' motion for sanctions.

We have broad discretion to impose sanctions against a party for abuse of discovery orders. Fed.R.Civ.P. 37(b). In this case, on April 22, 2003, we ordered defendant to produce the financial documents requested by the plaintiff (the twenty-six boxes), by the end of the day on April 23, 2003. Defendant actually produced the documents on April 23, 24, and 25, 2003. Although the plaintiff contends that it had been seeking these documents from the defendant for months, it first filed a motion to compel in federal court in March, 2003.[1] We do recognize that both parties have engaged in various delay tactics regarding discovery throughout this case. The question is whether any of the defendants' actions with regard to the documents needed by plaintiffs' expert were so egregious as to warrant an imposition of sanctions.

After reviewing the parties' arguments, we do not find it appropriate to order defendants to pay the costs plaintiff incurred in obtaining an interim expert report. Plaintiff filed its first motion to compel these documents in federal court only twelve days before the original close of discovery, and our first order requiring defendant to produce them was issued on April 22, 2003. Despite plaintiffs' contention that it had been pursuing these documents for months during the state court action, its pursuit of them in federal court only began in March, 2003, even though this case had been removed to federal court in June, 2002.

---

[1] Plaintiff contends that it has filed three motions to compel with regard to the documents at issue, one in state court filed in May, 2002, one in federal court on March 13, 2003, and another on April 14, 2003. We cannot determine when or to what extent the defendant responded to the state court motion. We entered and continued the March motion to allow defendant time to respond; plaintiff thereafter filed its April motion, contending that it was still unable to obtain any documents from the defendant. At the time, we had issued no orders regarding defendants' obligation to produce discovery.

Further, we cannot excuse plaintiffs' failure to even attempt to seek from the District Court an extension of the deadline to file its expert report. Plaintiff retained its expert less than two weeks prior to the close of expert discovery. If we are to believe the plaintiffs when they contend that their expert could have produced a final report in thirteen days if it had had all of the documents on the date it was retained, then by our calculation, plaintiff would have only needed to extend the expert discovery deadline by three weeks; it had the documents copied by May 8, and thus, the expert could have finished his report by May 21, 2003 and he could have been deposed within the original schedule calling for his deposition by May 31, 2003. We cannot say for certain if the District Court would have granted such an extension, but we cannot absolve plaintiff of all liability for the additional expert fees since it did not even try to mitigate its costs.

More importantly, after comparing the interim report to the supplemental report, and reviewing the billing statements for each, we find that much of the $65,000.00 the expert charged for the supplementary report most likely would have been incurred even if he had had the documents at an earlier time. The interim report is fifteen pages long and contains a great deal of analysis and discussion. The supplemental report is nineteen pages long. The first nine pages of the two reports are nearly identical; the only additions to the second report are a list of additional materials reviewed (page 2) and minor updates of the number of customers the parties have in common (page 8) and the fact that defendant had recently produced a 2002 tax return but no 2002 P&L statement (page 9). Further, several other sections of the two reports are nearly or completely identical. There are approximately five pages of the second report that are substantially new and which use the data received by the expert after April 30th; there

are also updates to the schedules attached to the report.

We cannot accept plaintiff's contention that, after spending 136 hours to complete the interim report, all of the additional 152 hours spent by the expert in preparing the second report was only necessary because of the original delay in production of the documents. To the contrary, it is obvious that only a fraction of the interim report was not used in the supplemental report, and much of the time taken to complete the new parts of the supplemental report was neither duplicative nor unnecessary; it instead included work that needed to be done no matter when the documents were produced. Neither party attempts to address the issue of how much of the work was actually unnecessary, but it is clear that if the expert had produced only a single report containing the analysis from both the first and second reports, plaintiff would have been responsible for paying all of the expert's fees. Thus, we deny plaintiffs' motion for sanctions against defendant for payment of the interim expert fees.

Plaintiff also requests payment of $6,162.50, which its expert charged for preparing for and appearing at a deposition requested by the defendant; with the notice of deposition, defendants requested that the expert produce twenty-one categories of documents. The expert claims that he and a manager and associate at his firm expended a total of 14.5 hours preparing for the deposition (11.2 of the hours were spent by the partner who was deposed). Fed.R.Civ.P. 16(b)(4)(C) states that "the party seeking discovery shall pay the expert a reasonable fee for time spent in responding to discovery." Attached as an exhibit to plaintiff's reply brief is a letter from defendant requesting an opportunity to respond to the Court regarding this issue. Since the plaintiffs first raised this issue in its reply brief, defendant has not yet had such

opportunity to respond. We thus order it to file a response to plaintiff's request within seven days of this order; plaintiff has seven days to file its reply.[2] Plaintiffs' motion for expert witness fees connected to the filing of the interim report is denied. Plaintiffs' motions for fees connected with the expert's deposition and its motion to compel are entered and continued. It is so ordered.

ENTER:

MICHAEL T. MASON
United States Magistrate Judge

Dated: July 22, 2003

---

[2] In these briefs, the parties should also discuss plaintiff's contention that it is still owed outstanding documents from defendant.